Walter C. PHILLIPS, Regional Director of the Tenth Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,

v.

LOCAL NO. 662, RADIO AND TELEVISION ENGINEERS, AFFILIATED WITH INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO.

Civ. A. No. 3588.

United States District Court
E. D. Tennessee, S. D.

July 19, 1960.

Stuart Rothman, Albert M. Horn, Washington, D. C., for petitioner.

King & Fuston, Chattanooga, Tenn., for respondent.

DARR, Chief Judge.

In continuing appropriate proceedings under the National Labor Relations Act, as amended, a petition seeks an interim injunction to stay alleged illegal acts on the part of the respondent until final disposition is made of a controversy between it and the Middle South Broadcasting Company by the National Labor Relations Board.

The scope of the inquiry is to ascertain whether there is reasonable cause to believe that a violation of the Act, as charged, has been committed. The merits of the controversy rest in the Board with the right of a losing party to go into the courts.

The alleged violations charged against the respondent are under section 8(b) (4) (i) and (ii) (B), Title 29 U.S.C.A. § 158, and the facts are substantially undisputed and may be concisely stated.

In November 1959, the Middle South Broadcasting Company purchased a radio station and equipment operating in Chattanooga, Tennessee, under the call letters "WAGC" and began and has continued the operation of the station under the call letters "WOGA" with offices and studios in the Hotel Patten. At the time Middle South purchased WAGC, the latter employed union labor, members of respondent's organization. When WOGA took over, they terminated employment of the union members and hired non-union employees and have continued to so operate. Thereafter, the respondent picketed the main office and studios located in the Patten Hotel, picketed a mobile unit when it was located on the street in front of Fields and Sally Motors in Chattanooga, Tennessee, and have mailed out a large number of notices containing the following:

The following business concerns are continuing to place advertising over Struck Radio Station WOGA * * * and Do Not merit your patronage and support * * *.

Moskin Credit Clothing Co. 906 Market Street

Hill Bros. Shoes 19 N. Market & East Ridge

Reliable Motors 3500 Rossville Blvd.

S. S. Kresge's 2910 E. 49th Street, Rossville

Super-Food Store 4th and High Streets

Peacock's Jewelers 815 Market and their branch stores

Rogers and Tivoli Theatres

Ault Hardware Co. 3646 Brainerd Road and their branch stores

Joan Shop Rossville

Gene's Shop 209 Chickamauga Ave, Rossville

City Hall Esso Station 116 East 11th

Miller Brothers 629 Market—Highland Plaza—Brainerd

Pickett's 814 Market

Atlas Sewing Centers, Inc. 3629 Brainerd Road

Hailey's Chevrolet Co. 1704 Broad Street

Loveman's 800 Market Street

Willie's Super Markets 5013 Rossville Blvd.

This list was mailed to the business houses mentioned therein and to other businesses. One of the notices mailed to a business house other than the ones listed had written on the margin "We would rather not add you to list".

The balancing of rights between citizens is perhaps the most difficult domestic governmental problem. An attempt to reach this ideal must have been the intention of Congress in enacting the Labor-Management Act of 1959 pertaining to the field under investigation. There seems to have been an effort to provide that the union labor movement would retain its freedom to protect and advance itself, but not to encroach past the boundary of the freedom of neutral persons to operate business without undue pressure.

In determining whether there may be threats or coercion under a given situation, the power and influence lying behind the conduct are important. There may be no bother from the acts or words of a weak person but there might be forced results from acts or words of a strong and influential person. There is a probable inference that the wording of the notice containing the list of advertisers, and the distribution thereof, goes further than persuasion. In this respect, it would appear there is probable cause sufficient to warrant the injunction and full investigation to be made by the Board to determine the issue on its merits.

The mobile unit is primarily used in advertising business establishments by parking it in front and arranging telephone connections with the studio and without interruption on the air. The mobile unit would not be a substitute for the studio and office headquarters of the station and the picketing of it in front of the business house would be sufficient to say there is a probable cause of illegal pressure upon neutral persons.

In making the determination consideration has been made, as it should be, of what harm might be done the respond-

ent. The picketing at the Patten Hotel, which is in the heart of Chattanooga, is a point where at least one member of most of the families around and about pass frequently and the publicity through mass media seems to have well informed people of the area of respondent's claims. It is conceded that the respondent has the right to picket at WOGA headquarters in the Patten Hotel. Therefore, the respondent should not be materially injured.

A temporary injunction is awarded and will be considered in force upon the filing of this memorandum and the notice given to counsel by receiving a copy thereof.

The judgment and the findings of fact and conclusions of law submitted by petitioner will be lodged with copies to counsel for the respondent for their consideration and objections, if any.